## JOHN C. DOUGLASS v. JOHN HUHN, et al.

RECITALS OF DEED, *When not Binding.* In an action to quiet title under the provisions of §594 of the code, the plaintiff offered in evidence a quitclaim deed to the defendant, which recited the execution of a tax deed to the grantor therein named, for the purpose of proving the adverse claim made by such defendant. *Held,* That the plaintiff was not bound by the recitals of the quitclaim deed, nor bound after the introduction of the evidence, to show the tax deed void, or not in existence.

### Error from Leavenworth District Court.

ACTION brought by *Huhn* and another against *Douglass*, to quiet title to certain real estate. Trial by the court, and judgment for the plaintiffs. The defendant brings the case here. The opinion states the facts.

*John C. Douglass,* plaintiff in error, for himself.

*Lucien Baker,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On August 17, 1876, the defendants in error (plaintiffs below) filed their petition in the district

court of Leavenworth county against the plaintiff in error, (defendant below) alleging that they were the owners, and in peaceable possession of certain real estate, describing it, and that plaintiff in error set up and claimed an estate and interest therein adverse to the estate and interest of the defendants in error under a certain quitclaim deed executed by one D. W. Eaves and his wife, in favor of plaintiff in error, and recorded in the office of the register of deeds in Leavenworth county, and praying that he be compelled to show his title, and that it be adjudged null and void as against them.

The answer contained, first, a general denial; second, a claim of ownership of the premises by the plaintiff in error under and by virtue of a certain tax deed made by the county clerk of the county, under a tax sale for certain delinquent county taxes on the lands — the tax deed having been made to a certain party and the premises sold and conveyed by him to defendant; that said delinquent taxes and interest amounted to the sum of $300; that the tax deed and conveyance had each been recorded in the office of the register of deeds of said county for more than two years before the commencement of the action.

The reply set forth, first, a general denial; second, the statute of limitations, and that any pretended tax deed was void and a cloud on the title of defendant in error. Upon the trial to the court, the defendants in error, to maintain the issues on their part, offered to read in evidence certain title papers, whereupon plaintiff in error objected to any and all evidence under the petition, on the ground that it did not state facts sufficient to constitute any cause of action. The court overruled the objection; the defendants in error then proceeded with their evidence, and offered title deeds showing a chain of title running from the government of the United States to plaintiffs, and proof that they were at the commencement of the suit, and yet are in actual possession of the premises, and had so been in possession since 1859. Defendants in error then offered the record of the quitclaim deed pleaded in their petition, and read it in evidence, with the official certificate of the recording of the same, dated the 9th

day of November, 1869, which deed and certificate are in the words and figures following, to wit:

*Know all men by these presents,* That David W. Eaves and Annie Eaves, his wife, of the county of Leavenworth and state of Kansas, parties of the first part, in consideration of five hundred dollars paid by John C. Douglass of said county and state, party of the second part, the receipt whereof is hereby acknowledged, do hereby convey, remise, release, and forever quitclaim unto the said party of the second part, the following pieces and parcels of land situated in the county of Leavenworth and state of Kansas, to wit: . . . The southwest quarter of section twenty-one (21), township eight (8), range twenty-one (21); . . . (including herewith a number of other descriptions of land.) The interest hereby conveyed and intended to be conveyed, being the same and only the same heretofore conveyed in the same property to said D. W. Eaves by William Smith and Nancy Smith, his wife, Robert Adams and Martha Adams, his wife, and Robert Clarke, by their several attorney in fact John C. Douglass, and also the interest and title derived by and through a tax deed from the clerk of Leavenworth county to D. W. Eaves, dated May 24, 1869, and recorded on the same day in book 23, pages 250 to 264 inclusive, to have and to hold the above granted premises with all the privileges and appurtenances limited as aforesaid and to the same, belonging to the said party of the second part, his heirs and assigns, to his and their use and behoof forever. In witness whereof they, the said parties of the first part, have hereunto set their hands, this first day of October, eighteen hundred and sixty-nine.

<div align="right">D. W. EAVES.<br>ANNIE EAVES.</div>

STATE OF KANSAS, COUNTY OF LEAVENWORTH, SS:

On the first day of October, A. D. 1869, before the undersigned, a notary public in and for said county and state, came D. W. Eaves and Annie Eaves, his wife, who are personally known to me to be the same persons whose names are affixed to the foregoing deed as grantors, and who executed the foregoing instrument, and duly acknowledged the execution thereof.

Witness my hand and notarial seal, the day and year last aforesaid.          PATRICK M. LYONS, *Notary Public.*

Recorded Nov. 9, A. D. 1869, at 3 o'clock, P. M.

<div align="right">GEORGE W. HUSTON, *Register of Deeds.*</div>

Thereupon they rested, and the plaintiff in error filed his demurrer to the evidence, which the court overruled. No other evidence being presented, the court, on request, made separate findings of fact and law.

### FINDINGS OF FACT.

*First.* The plaintiffs were at the commencement of this suit, and had been for several years, the legal and equitable owners in fee simple, by an unbroken chain of title from the government of the United States, of the land in controversy.

*Second.* The plaintiffs were at the commencement of this suit, and had been for more than fifteen years, in the peaceable and actual possession of the land in controversy.

*Third.* A quitclaim deed of said land from D. W. Eaves to one John C. Douglass was found recorded in the office of the register of deeds of said county, dated the 1st day of October, 1869, and recorded on the 9th day of November, 1869.

### CONCLUSIONS OF LAW.

*First.* The court finds that the plaintiffs are the legal and equitable owners in fee simple of the property described in the plaintiffs' petition in this suit, and that they are in actual possession thereof, and that the claim of an estate and interest of, in and to said premises asserted by said defendant adverse to said plaintiffs' title and possession, is null and void, and that defendant has no legal or equitable claim to said premises.

*Second.* That plaintiffs have judgment against defendant, and also recover their costs in this suit against him.

The first objection presented for our determination is, that the petition is not sufficient under § 594 of the code, because it does not aver actual possession, and does not sufficiently state such a title claimed by the opposing parties as to make it a good petition in equity. A like objection was considered by us at the present term to a petition very similar to the one filed in this action, and the objection was held to be without merit. In that case, an allegation of peaceable possession was held to signify, *prima facie*, that the owner was in the *actual* possession. (*Cartwright v. McFadden,* ante, p. 662.)

It is next urged that judgment should have been given for

49—24 KAS.

plaintiff in error because, having offered in evidence the quit-claim deed, the recitals must be taken against defendants in error, and that the burden was upon them to establish the invalidity of the tax deed, or its non-existence. This point is not well taken. Defendants in error were required under § 594 of the code, to show title and actual possession, which they did, and then supplement this with proof that the plaintiff in error claimed an interest or estate in the land adverse to them. This proof was furnished by the introduction of the quitclaim deed, but no rule of law or equity binds a party, offering in evidence such adverse claim, by the recitals thereof, or by the recitals of the deed upon which the claim is founded. The general doctrine as to the effect of recitals in deeds may be stated thus: if made for the purpose of influencing the conduct, or of deriving a benefit to another so that it cannot be denied without a breach of good faith, the law enforces the rule of good morals as a rule of policy, and precludes the party from repudiating his representations or denying the truth of his admissions. (*Douglass v. Scott*, 5 Ohio, 195.) No such rule obtains where a party alleges that another makes an adverse claim of title under certain deeds, and in order to prove the allegation, offers the instruments in evidence. No question of morals or good faith is involved in the issue, and no estoppel arises; nor does the introduction of such evidence compel the party thus offering it, to show the recitals to be untrue. The defendants in error complied with the statute in preparing the petition, and upon the trial offered evidence tending to establish all the allegations contained therein. The court found upon the evidence that the defendants in error had an unbroken chain of title from the government, and had been in the actual possession of the land more than fifteen years before the commencement of the action, and as the plaintiff in error failed to make good by proof his claim of estate and interest, the court properly rendered judgment against him. To allow the rule contended for by counsel, would require a plaintiff in actions of this na-

ture to prove, in the first instance, both his own case and then disprove the defendant's case, before the latter offered any testimony to support his defense.

The judgment of the district court will be affirmed.

All the Justices concurring.